IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC HOUSTON, | : | CIVIL NO. 3:11-CV-1190 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN BLEDSOE, et al., | : | |
| Defendants | : | |

## ORDER

### Background

This pro se civil rights action was originally filed in the United States District Court for the Eastern District of Pennsylvania by Eric Houston regarding his prior confinement at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg).[1] The Eastern District subsequently transferred Plaintiff's action to this Court.

After Plaintiff filed a series of proposed supplements to his Complaint. (Docs. 17-28) this Court issued an Order on April 26, 2012 addressing the sufficiency of the Original Complaint and those submissions. See Doc. 31. The Order stated that some of Houston's proposed supplements were repetitive and lengthy in nature while some portions were rambling and illegible. It was additionally noted that Houston's Original Complaint and subsequent supplements did not comply with the pleading requirements set forth in Federal Rule of Civil Procedure 8. Furthermore, although Plaintiff adequately indicated that he did not wish to proceed solely on the basis of the Original Complaint, none of his supplements

---

[1] Plaintiff has notified the Court that he has been transferred to the Medical Center for Federal Prisoners, Springfield, Missouri. See Doc. 49, p. 3.

could stand as a proper amended complaint.

However, since Plaintiff could file an amended complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1) and was entitled to liberal treatment due to his pro se status, the April 26, 2012 Order directed Houston to file an amended complaint within twenty (20) days which was no more then twenty-five (25) pages in length, stated each claim he wished to pursue in a clear and concise manner; identified all defendant[s], and specified the relief he was seeking. Finally the Order forewarned Plaintiff that failure to submit an amended complaint or otherwise respond to this Order within the relevant time period would result in dismissal of his action for failure to prosecute.[2] See Doc. 31, p. 4.

**Discussion**

A review of the docket show that since the April 26, 2012 Order, Houston has made several filings with the Court. Specifically he has filed multiple motions seeking preliminary injunctive relief or requesting appointment of counsel.[3] The form complaint which was mailed to Houston while he was at USP-Lewisburg has not been returned. Second, none of Plaintiff's filings have been labeled as being a proposed amended complaint.

More importantly a review of Houston's submissions since entry of the April 26, 2012 Order reveals that there is not one submission which could stand as a proposed amended

---

[2] The Plaintiff was also provided with a form civil rights complaint which this Court routinely provides to pro se litigants. It is also noted since the issuance of the April 26, 2012, Houston filed at least four (4) new civil actions with this Court.

[3] It would appear that Plaintiff's recent transfer to a federal medical facility moots many if not all of his requests for preliminary injunctive relief.

2

complaint, nor has Plaintiff requested additional time in which to file an amended complaint. Houston has also not offered any explanation for his failure to do so and he has not sought reconsideration of the April 26, 2012 Order.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis). In a similar case, the Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint. See Azubuko v. Bell National Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

The Court of Appeals for the Third Circuit in Poulis set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863

(3d Cir. 1994).

Adequate grounds have been established for the extreme sanction of dismissal.[4] It is initially noted that even under the most generous treatment given to Plaintiff's Original Complaint and supplements, those submissions simply failed to provide fair notice as to the nature of Plaintiff's claims as required under Rule 8. Thus, the original complaint could not be allowed to proceed. Furthermore, although Houston has been granted an abundance of time and supplied with a form civil rights complaint he has failed to make any attempt to submit an amended complaint as directed. Accordingly, a finding of dilatoriness and willful conduct is warranted. Second, in light of Plaintiff's transfer from USP-Lewisburg it would appear that any requests by Houston for injunctive type relief have been mooted.[5] Third, other sanctions are not a viable alternative because this matter simply cannot proceed without the filing of an adequate amended complaint.

Based upon the present circumstances, dismissal of this action without prejudice for

---

[4] Although Azubuko, 243 Fed. Appx. at 729, recognizes a "balancing under Poulis is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the Poulis analysis should be undertaken. See Hernandez v. Palakovich, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (Poulis factors must be considered before dismissing a case as a sanction for failure to follow a court order).

[5] "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

failure to prosecute is warranted under the standards announced in <u>Azubuko</u> and <u>Poulis</u>.  An appropriate order will enter.

AND NOW, to wit, this 8th day of February 2013, it is hereby **ORDERED** that:

1. Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.
2. The Clerk of Court is directed to **CLOSE** this case.
3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

**BY THE COURT:**

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**